UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARTH MOTORCARS, | § | |
|      PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00289 |
| | § | |
| SENTRY SELECT INSURANCE | § | |
| COMPANY, | § | |
|      DEFENDANT. | § | |

## <u>NOTICE OF REMOVAL</u>

Defendant, Sentry Select Insurance Company ("Sentry"), files this Notice of the Removal of this case from the 191st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441 and 1446(b) and would show the Court as follows:

1.

Sentry is the Defendant in Cause No. DC-20-19225 entitled "Earth Motorcars v. Sentry Select Insurance Company", currently pending in the 191st Judicial District Court of Dallas County, Texas. That lawsuit was originally filed on December 29, 2020, in the 191st Judicial District Court of Dallas County, Texas.

2.

Sentry first learned of Plaintiff's lawsuit on January 19, 2021, when a copy of Plaintiff's lawsuit was served on Sentry's registered agent for service of process, C T Corporation Systems, on January 19, 2021. Sentry is therefore filing this notice timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days from that date Plaintiff's lawsuit was formally served on Sentry.

3.

At the date of commencement of this action and at all pertinent times, Plaintiff is a citizen of the State of Texas, being a corporation formed under the laws of the State of Texas and having its principal place of business in the State of Texas.  At all times relevant herein, Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin.

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Sentry, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.  That the necessary amount in controversy is met is illustrated by Plaintiff's Original Petition, a copy of which is attached as part of Exhibit "A" to this Notice of Removal, where in Paragraph 2, Plaintiff alleges it seeks monetary relief of over $200,000, but not exceeding $1,000,000.

5.

Copies of all the pleadings which have been filed or served in this action to date and which are attached as Exhibit "A", which include the following: (a) Plaintiff's Original Petition; (b) Request for Citation to Sentry; (c) Issuance of Citation to Sentry; and (d) Return of Service on Sentry.  To the best of Sentry's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.  Attached as Exhibit "B" is the Certificate of Interested Persons required by the Court.

Wherefore, Defendant, Sentry Select Insurance Company, prays that this action be removed

to this Court from the 191st Judicial District Court of Dallas County, Texas and for further proceedings as may be necessary.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon the following, as indicated below, on this the 9th day of February, 2021:

Mr. Scott G. Hunziker                    VIA E-MAIL: shunziker@zmflaw.com
Zerbe, Miller, Fingeret, Frank & Jadav, P.C.
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056

/S/Russell J. Bowman
Russell J. Bowman

EXHIBIT A

TAB NO. 1

12/29/2020 3:30
FELICIA PIT
DISTRICT CLE
DALLAS CO., TEX
Kayla Buckley DEPL

DC-20-19225
CAUSE NO._____

| | | |
|---|---|---|
| EARTH MOTORCARS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | DALLAS COUNTY |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SENTRY SELECT INSURANCE | § | |
| COMPANY, | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |
| | § | |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Earth Motorcars, by and through their attorney of record, Scott G. Hunziker, and files this action for damages caused by Defendant Sentry Select Insurance Company. In support of all such claims and causes of action, Plaintiff would respectfully show this Honorable Court as follows:

### DISCOVERY LEVEL

1.       Plaintiffs intend for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### RULE 47 STATEMENT

2.       As stated in more detail below, this case involves allegations of breach of contract, violations of the Texas Deceptive Trade Practice Act, violations of the Texas Insurance Code and breach of common law faith and fair dealing.   Plaintiff claims damages of monetary relief exceeding $200,000.00 dollars but not exceeding $1,000,000.00 dollars.

1

## JURISDICTION AND VENUE

3.     This Honorable Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. The amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, venue is mandatory and proper in Dallas County, Texas, in accordance with § 15.002 & the Texas Civil Practice & Remedies Code, as all or a substantial part of the events giving rise to this lawsuit occurred within said county.

## PARTIES

4.     Plaintiff is a corporation with its principal place of business located at 3216 Kellway Drive, Carrollton, TX 75006, and who, at all times material hereto, owned a building located at 8730 King George Drive, Dallas, TX 75235 (the "Property").

5.     Defendant, Sentry Select Insurance Company is an insurance company located at 1800 North Point Drive, Stevens Point, WI 54481, and engaged in the business of selling and providing commercial property insurance coverage within the State of Texas. This includes Plaintiff's insurance policy, number 2524100001, which is at issue in the present case.

## FACTUAL BACKGROUND

6.     Plaintiff is the named insured under a property insurance policy it purchased from Defendant (the "Policy").

7.     Plaintiff was the owner of the property which is located at 8730 King George Drive, Dallas, TX 75235.

8.     Defendant is well aware of the circumstances surrounding this matter. Specifically, on or about June 6, 2018 , Plaintiff experienced a covered weather-related loss at the property caused by a hail storm.

9.     Plaintiff made a timely and complete claim, cooperated in every aspect of the same, yet this claim has been unfairly and unjustifiably denied by Defendant. This has now compounded the

2

loss at the property, all of which stands in stark contrast to the representations made to Plaintiff by its carrier when it purchased the policy. Such conduct exposes Defendant to certain causes of action under Texas law.

## CLAIMS AGAINST DEFENDANT

10.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the above paragraphs.

11.    All conditions precedent to recovery by Plaintiffs have been met or have occurred.

12.    All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such were done with Defendant's full authorization or ratification, and were completed in the normal and routine course and scope of employment with Defendant.

## A. BREACH OF CONTRACT

13.    All parties agree that Plaintiff entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Texas. The contract outlined obligations to be performed by both Plaintiff and Defendant, including but not limited to, Plaintiff paying policy premiums for insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage. Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon their discovery, as required by its insurance contract with Defendant.

14.    To the contrary, Defendant has materially breached the contract by failing to provide adequate coverage following the underlying claim filed by Plaintiff. Moreover, despite filing a claim which notified Defendant of this loss, Plaintiff has yet to receive full compensation for its covered damage as required by the insurance contract it purchased. As such, in addition to the above, Plaintiff has previously given notice pursuant to Chapter 38.001 of the Civil Practice and

Remedies Code, that they will seek all available attorney's fees, costs of court, penalties, and any additional remedies recoverable under Texas law.

### B. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN STATUTES

15.   Defendant's actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically, in violation of Section 17.46(b), Defendant engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

> *17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

> *17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

> *17.46(b)(24)* - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

16.   Moreover, and specifically in violation of Section 17.50(a), Defendant engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to its detriment, in addition to engaging in the following:

> *17.50(a)(3)* - An unconscionable action or course of action; and

> *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

17.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

18.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

19.     By representing that Defendant would pay the entire amount needed by Plaintiff to repair damages caused by a covered event, and then not doing so, Defendant has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

20.     Defendant's actions, as described herein, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

21.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

22.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Defendant. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendant to their detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's

damages that are described in this Original Petition.

23.     As a result of Defendant's actions and conduct, which were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

24.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

### C. VIOLATIONS OF TEXAS INSURANCE CODE SECTION 541

25.     Defendant's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, Defendant committed the following unfair and deceptive acts or practices in the business of insurance:

> *541.051(1)(A)* - Making statements misrepresenting the terms of the policy; and
>
> *541.051(1)(B)* - Making statements misrepresenting the benefits of the policy.

26.    Continuing, in violation of Section 541.060(a), Defendant engaged in certain unfair

settlement practices with respect to a claim by an insured that include the following:

>    *541.060(a)(1)* - Misrepresenting a material fact or policy provision
>    relating to coverage;
>
>    *541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable
>    settlement of a claim after the insurer's liability is established;
>
>    *541.060(a)(3)* - Failing to promptly provide a reasonable
>    explanation of the basis for denial of a claim or for the offer of a
>    compromise settlement; and
>
>    *541.060(a)(7)* - Refusing to pay a claim without conducting a
>    reasonable investigation of the details of the claim.

27.    Further, Defendant violated Section 541.061 of the Texas Insurance Code, by

committing unfair and deceptive acts or practices in the business of insurance to misrepresent an

insurance policy by:

>    *541.061(1)* - Making an untrue statement of material fact;
>
>    *541.061(2)* - Failing to state a material fact necessary to make other
>    statements made not misleading, considering the circumstances
>    under which the statements were made;
>
>    *541.061(3)* - Making a statement in a manner that would mislead a
>    reasonably prudent person to a false conclusion of a material fact;
>    and
>
>    *541.061(5)* - Failing to disclose a matter required by law to be
>    disclosed, including failing to make a disclosure in accordance with
>    another provision of this code.

### D. SECTION 542 – TEXAS INSURANCE CODE

28.    Adding to the above, Defendant's actions constitute numerous violations of Chapter

542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 -

542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices

as they relate to claims by insured parties of insurance policies. Based upon the conduct of Defendant to

date, it has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant, pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies; and

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted, as to which liability has become reasonably clear.

29.     Defendant has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code, by its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims.

30.     As a result of the above-referenced violations and acts committed by Defendant, and in accordance with Section 542.06 of the Texas Insurance Code, Defendant is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment under governing Texas law, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to pre-judgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

31.     As a result of Defendant's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover court costs, reasonable and necessary attorneys' fees as permitted under Chapter 38.001 of the Texas Civil Practice of Remedies Code, as well as the Texas Insurance Code, and all other damages to which Plaintiff may show itself justly entitled by law or in equity.

### F. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

32.     Defendant has breached the common law duty of good faith and fair dealing by unfairly handling Plaintiff's claim, inadequately adjusting Plaintiff's claim, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendant's ultimate coverage decision. Plaintiff is therefore entitled to damages as a result of this conduct as well.

### WAIVER AND ESTOPPEL

33.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

34.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters properly sent by the Defendant to Plaintiff.

### DAMAGES

35.     Defendant's acts have been the producing or proximate cause of damage to Plaintiff. Therefore, Plaintiff's seek an amount in excess of the minimum jurisdictional limits of this Court.

36.     Furthermore, the conduct of the Defendant was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under all operative provisions of the Texas Insurance Code. Plaintiff is also entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

### ATTORNEY FEES

37.     In addition to the above, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and Sections 38.001-.005 of the Civil

Practice and Remedies Code.

## JURY DEMAND

38.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original

Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded actual damages,

all such additional relief specified within this Original Petition, all relief to which it is due under

Texas law, and for all such other relief to which Plaintiff may be justly entitled.


Respectfully submitted,


*/s/ Scott G. Hunziker*
Scott G. Hunziker
Texas Bar 24032446
Bryan R. Hobbs
Texas Bar No. 24097839
Zerbe, Miller, Fingeret, Frank & Jadav, P.C.
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 513-1743
Facsimile: (713) 350-3607
BHobbs@ZMFLaw.com
SHunziker@ZMFLaw.com
*Attorneys for Plaintiffs*

10

TAB NO. 2

1/8/2021 3:58
FELICIA PIT
DISTRICT CLE
DALLAS CO., TEX
Alicia Mata DEPU

# ZMFF&J

ZERBE, MILLER, FINGERET, FRANK &JADAV

3009 POST OAK BOULEVARD, SUITE 1700
HOUSTON, TX 77056
TEL: 713.350.3529 | FAX: 713.350.3607

January 8, 2021

Re: Cause No. DC-20-19225 – Earth Motorcars, v. Sentry Select Insurance Company,

This letter serves as a citation request in the case referenced above. The Original Petition along with the issued citation will be served by a private process server. The registered agent for Sentry Select Insurance Company is CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

Respectfully submitted,

/s/ Scott G. Hunziker
Scott G. Hunziker
Texas Bar 24032446
Bryan R. Hobbs
Texas Bar No. 24097839
Zerbe, Miller, Fingeret, Frank & Jadav, P.C.
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 513-1743
Facsimile: (713) 350-3607
BHobbs@ZMFLaw.com
SHunziker@ZMFLaw.com

***Attorneys for Plaintiffs***

TAB NO. 3

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   SENTRY SELECT INSURANCE COMPANY
    BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM
    1999 BRYAN ST SUITE 900
    DALLAS TEXAS  75201

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.   Your answer should be
addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EARTH MOTORCARS**

Filed in said Court  **29th day of December, 2020** against

**SENTRY SELECT INSURANCE COMPANY**
For Suit, said suit being numbered **DC-20-19225,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 14th day of January, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    ANGELA CONEJO



| ESERVE |
| --- |
| **CITATION** |
| DC-20-19225 |

EARTH MOTORCARS
vs.
SENTRY SELECT
INSURANCE COMPANY

ISSUED THIS
**14th day of January, 2021**

FELICIA PITRE
Clerk District Courts.
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**SCOTT G. HUNZIKER**
ZERBE MILLER FINGERET FRANK & JADAV PC
3009 POST OAK BLVD STE 1700
HOUSTON TX  77056
713-513-1743
SHunziker@ZMFLaw.com

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# OFFICER'S RETURN

Case No. : DC-20-19225

Court No.191st District Court

Style: EARTH MOTORCARS

vs. SENTRY SELECT INSURANCE COMPANY

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____.

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of _____ County, _____ |  |
| For Notary | $_____ | By _____ Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

TAB NO. 4

1/19/2021 3:39
FELICIA PIT
DISTRICT CLE
DALLAS CO., TEX
Irasema Sutherland DEPU

**CAUSE NO. DC-20-19225**

EARTH MOTORCARS                           §
**PLAINTIFF**                             §
                                          §
VS.                                       §                    IN THE 191st District Court
                                          §
SENTRY SELECT INSURANCE COMPANY           §                    DALLAS COUNTY, TX
**DEFENDANT**                             §
                                          §
                                          §
                                          §
                                          §

**RETURN OF SERVICE**

**ON Monday, January 18, 2021 AT 8:58 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on SENTRY SELECT INSURANCE COMPANY
C/O REGISTERED AGENT CT CORPORATION SYSTEM came to hand.

**ON Tuesday, January 19, 2021 AT 2:30 PM, I, Don Anderson, PERSONALLY DELIVERED
THE ABOVE-NAMED DOCUMENTS TO:** SENTRY SELECT INSURANCE COMPANY C/O REGISTERED
AGENT CT CORPORATION SYSTEM, by delivering to Lindsey Barrientez intake specialist, 1999
BRYAN ST STE 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Don Anderson. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a private
process server certified by the Texas Judicial Branch Certification Commission (PSC 4232, expires
8/31/2022). My e-mail address is info@easy-serve.com. My date of birth is 7/14/1956. I am in all
ways competent to make this statement, and this statement is based on personal knowledge. I am
not a party to this case and have no interest in its outcome. I declare under penalty of perjury that
the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Tuesday, January 19, 2021.

/S/ Don Anderson

Earth Motorcars v. Sentry Select Insurance Compan

Doc ID: 279058_1

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **SENTRY SELECT INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS TEXAS  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.   Your answer should be
addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EARTH MOTORCARS**

Filed in said Court  **29th day of December, 2020** against

**SENTRY SELECT INSURANCE COMPANY**
For Suit, said suit being numbered **DC-20-19225,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 14th day of January, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
ANGELA CONEJO



**ESERVE**

**CITATION**

DC-20-19225

EARTH MOTORCARS
vs.
SENTRY SELECT
INSURANCE COMPANY

ISSUED THIS
**14th day of January, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**SCOTT G. HUNZIKER**
ZERBE MILLER FINGERET FRANK & JADAV PC
3009 POST OAK BLVD STE 1700
HOUSTON TX  77056
713-513-1743
**SHunziker@ ZMFLaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

EARTH MOTORCARS
Plaintiff

v.

SENTRY SELECT INSURANCE COMPANY
Defendant

3:21-cv-00289
Civil Action No.

EXHIBIT

"B"

PENGAD 800-631-6989

## CERTIFICATE OF INTERESTED PERSONS
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

Defendant, Sentry Select Insurance Company

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

Sentry Insurance Company is the parent company.  The remaining answer to this part is none.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*

Plaintiff, Earth Motorcars
Plaintiff's Attorneys, Scott G. Hunziker, Bryan R. Hobbs and their law firm of Zerbe, Miller, Fingeret, Frank, & Jadav, P.C.
Sentry Select Insurance Company

Date: February 9, 2021

Signature: /s/Russell J. Bowman

Print Name: Russell J. Bowman

Bar Number: 02751550

Address: 800 W. Airport Fwy., Ste. 860

City, State, Zip: Irving, Texas 75062

Telephone: (214) 922-0220

Fax: (214) 922-0225

E-Mail: russelljbowman@sbcglobal.net

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil/Other Documents/Certificate of Interested Persons